UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHEILA A SKAGGS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-02406-TWP-MJD |
| FERRELLGAS, INC., | ) |
| Defendant. | ) |
| FERRELLGAS, INC., | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| FAURECIA USA HOLDINGS, INC., | ) |
| Third Party Defendant. | ) |
| FAURECIA USA HOLDINGS, INC., | ) |
| Counter Claimant, | ) |
| v. | ) |
| FERRELLGAS, INC., | ) |
| Counter Defendant. | ) |

**ORDER GRANTING MOTION TO EXCLUDE EXPERT WITNESS**

This matter is before the Court on Defendant/Third Party Plaintiff Ferrellgas, Inc's ("Ferrellgas") Motion to Exclude Frank Burg's Expert Opinion Testimony (Filing No. 173). Oral argument was heard on the Motion on November 28, 2023. For the following reasons, the Court **grants** the Motion and excludes Burg's expert opinion testimony on the topics described below.

## I.     BACKGROUND

Plaintiff Sheila A. Skaggs ("Skaggs") was injured after a liquid propane ("LP") tank exploded while she was working at Faurecia Gladstone, (Filing No. 1-1 at 6 ¶ 8.), a facility owned by Faurecia USA Holdings, Inc. ("Faurecia"). Skaggs initiated this lawsuit against Ferrellgas, the supplier of the liquid propane and propane dispensing equipment that exploded at Faurecia. The LP tank and equipment involved in the explosion was installed, maintained, inspected, and repaired by Ferrellgas. *Id*. at ¶ 5. The LP gas equipment included a hose which connected to the LP tank. *Id*. at ¶ 11. The explosion occurred after a Faurecia employee drove away from the fueling station, with the hose still connected, causing the hose to tear in two allowing LP gas to leak from the tank. *Id*. at ¶ 7. Skaggs alleges Ferrellgas was "negligent in installing, maintaining, inspecting, and repairing their equipment." *Id*. at ¶ 9. She has designated a report authored by Frank Burg ("Burg") a Certified Safety Professional and Registered Professional Safety Engineer (Filing No. 174-2 at 1) and submitted his *curriculum vitae* (Filing No. 69-1). Burg seeks to present expert opinions that Ferrellgas's propane dispenser was defective because it did not have a lock-out procedure and did not include a retractable hose, and that Ferrellgas was subject to OSHA regulations under the multi-employer doctrine. *See* (Filing No. 174-2). His opinions are based upon his 45 years of experience within the safety and health profession. *Id*. Burg reviewed investigation photographs, emails, and documents; however, he did not complete his own investigation of this accident or talk to any witnesses; rather he relied on the materials provided to him (Filing No. 174-1 at 34). Burg opines on general OSHA and National Fire Protection Association ("NFPA") standards and asserts that Ferrellgas violated those standards; but he admits that he did no research other than looking at those standards, and he denies making any interpretations of those codes. *Id. at* 34-35.

## II.     LEGAL STANDARD

The admissibility of expert testimony is governed by the framework set out in Federal Rule of Evidence 702 and *Daubert v. Merrel Dow Pharms. Inc.*, 509 U.S. 579 (1993). *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009). An expert may testify regarding the ultimate issue in a case. Fed. R. Evid. 704(a). Furthermore, an expert can base their opinion on inadmissible evidence. Fed. R. Evid. 703. However, "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003).

> Under Rule 702,
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evidence. 702. To keep experts within their scope, district courts must act as gatekeepers to ensure that expert testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589. *See also Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (holding that *Daubert*'s gatekeeping obligation "applies to all expert testimony.").

When performing its gatekeeper role, the district courts conduct a three-step analysis considering: (1) whether the witness is qualified as an expert by knowledge, skill, experience, training, or education; (2) whether the expert's methodology is scientifically reliable; and (3) whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). In other words, the

3

district court must evaluate: (1) the proffered expert's qualifications; (2) the reliability of the expert's methodology; and (3) the relevance of the expert's testimony. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017).

The proponent of the expert bears the burden of demonstrating the admissibility of the expert's testimony. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). To be admissible under Rule 702, the expert's opinion "must offer more than a bottom line." *Minix v. Canarecci*, 597 F.3d 824, 835 (7th Cir. 2010) (internal citation and quotation marks omitted). The expert must explain the methodologies and principles supporting the opinion, and the expert's testimony must be the product of reliable principles and methods. *Id.* The Court's role is to examine the methodology the expert has used in reaching his conclusions.

### III. DISCUSSION

Currently pending before the Court is Ferrellgas' Motion for Summary Judgment (Filing No. 143), Ferrellgas' Motion for Summary Judgment against Skaggs (Filing No. 146), Skaggs' Cross-Motion for Partial Summary Judgment as to Duty Only (Filing No. 149), and Faurecia's Cross-Motion for Summary Judgment (Filing No. 151). Federal Rule of Civil Procedure 56 limits review of summary judgment to admissible evidence only, so it makes sense for the Court to determine the admissibility of Burg's expert opinions prior to ruling on the summary judgment motions.

Skaggs argues the expert testimony of Burg "will assist the trier of fact in determining breach of Ferrellgas, Inc.'s duty, by providing evidence of industry safety standards applicable to Ferrellgas. These standards include not only OSHA standards but NFPA standards as well." (Filing No. 176 at 2). Ferrellgas seeks to exclude Burg from offering his specific opinions that (1) Ferrellgas' dispenser should have incorporated a lock-out procedure and did not include a

4

retractable hose, and (2) Ferrellgas was subject to Occupational Safety and Health Administration ("OSHA") regulations under the multi-employer doctrine (Filing No. 174 at 2). Ferrellgas argues this testimony is unreliable because Burg fails to meet the admissibility requirements of Rule 702 and *Daubert*, does not articulate any methods used in forming his opinion, and the safety standards he relied on were inapplicable to the facts of this case. At oral argument, Ferrellgas pointed out that Burg took no photos of the scene, did no testing, made no calculations or diagrams, conducted no interviews, looked at no articles, visited no other plants, did not talk to any other propane companies, did not visit any other place where forklifts are utilized to see how they were doing their forklift refueling.

>Ferrellgas also contends that:
>
>[] Burg's attempt to apply OSHA regulations in lieu of any methodology fails in the first instance because Ferrellgas, as the installer of propane dispensing equipment, is not subject to OSHA regulations for Faurecia's employees. Moreover, [] Burg's citation to the multiemployer doctrine fails legal scrutiny and is not a proper subject of opinion testimony.

(Filing No. 173 at 2). Ferrellgas also argues that Burg's efforts to interpret OSHA regulations fail, "because matters of law for the court's determination—including [] Burg's opinion that Ferrellgas would fall within the multi-employer doctrine and under OSHA regulation—are not the proper subject of expert testimony." (Filing No. 178 at 7.)

Skaggs concedes that Burg does not use any scientific methods but argues it is because his opinion is not scientific in nature. (Filing No. 176 at 1.) Because Burg's opinion is non-scientific, Skaggs' argues a *Daubert* analysis is not applicable or required. *Id*. Skaggs asserts that the testimony of Burg, a Certified Safety Professional, meets the requirements of Federal Rule of Evidence 702 because it will assist the trier of fact in determining breach of Ferrellgas' duty, by providing evidence of not only OSHA standards but NFPA standards as well. Skaggs also

5

contends that Burg was not required to visit the scene or meet the other criticisms to provide an opinion, and the mountain of documents and deposition testimony he reviewed before rendering his opinions is sufficient. Skaggs concludes by asserting that Burg's testimony meets the requirements for admissibility under Fed. R. Evid. 702 as it is reliable and will assist the trier of fact in determining issues of critical importance in this matter, and any questions regarding the reliability of his testimony goes to the weight of the evidence and is within the province of the jury to determine. (Filing No. 176 at 6.)

The Court agrees that Burg possesses sufficient knowledge, skill, and professional qualifications to be an expert in his field, but Skaggs is mistaken in her assertion that a *Daubert* analysis is not necessary. "All experts, even those whose specialized knowledge is grounded in their experience, are subject to the relevance and reliability inquiries mandated by *Daubert*." *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). *See also Crawford Supply Group, Inc. v. Bank of America, N.A.*, 2011 U.S. Dist. LEXIS 117670, *8 (N.D. Ill. 2011) ("If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is sufficient basis for the opinion, and how that experience is reliably applied to the facts.") (Quoting Fed. R. Evid. 702 Advisory Committee's Notes.).

Burg's report lists several opinions based upon his "45 plus years of experience within the safety and health profession" Filing No. 174-2 at 1) but he fails to provide any explanation of the analysis he took in forming those opinions. As noted above, all experts—even those testifying on non-scientific issues—must explain the methodology behind all opinions reached so that the court may assess the relevance and reliability. *Daubert*, 509 U.S. at 589. Without more, Burg's experience is insufficient to establish reliability under Rule 702. *See Zenith Elecs. Corp. v. WH-*

*TV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005) ("A witness who invokes "my expertise" rather than analytic strategies widely used by specialists is not an expert as Rule 702 defines that term."). Importantly, Rule 702(d) has been amended to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology. An expert who is addressing non-scientific issues must still employ reliable methods and principles in forming their opinions, and Burg has not done so.

While Burg's credentials show he is likely qualified on the scientific method and its application to accident investigations, he failed to apply this, or any, methodology in forming his opinions regarding the need for a lock-out procedure or a retractable hose. Burg admitted that he did not conduct any investigation of this accident, instead he "relied on other people investigating it" (Dkt. No. 174-1 at 34), and he did not do any inspections of any kind. *Id*. at 5-6. He does not explain his analysis or how he arrived at his conclusions. To be admissible under Rule 702, the expert's opinion must offer more than a "bottom line." *Wendler & Ezra, P.C. v. Am. Int'l Group, Inc.,* 521 F.3d 790, 791 (7th Cir.2008) (per curiam) (quotation omitted). Rule 702 requires the expert to explain their "methodologies and principles" that support their opinion, which was simply not done here. *Minix v. Canarecci*, 597 F.3d 824, 835 (7th Cir. 2010). Accordingly, Burgs expert opinions on this topic fail to meet the admissibility requirements of Rule 702.

Ferrellgas also seeks to exclude Burg's opinions that Ferrellgas is a "creating employer," because they "create the hazard by not having safeguards on their equipment," and that the "multi-employer worksite doctrine" applies to bring Ferrellgas under the authority of OSHA. (Filing No. 174 at 11,12). Ferrellgas argues that Burg's attempt to apply OSHA regulations in lieu of any methodology fails in the first instance because Ferrellgas, as the installer of propane dispensing equipment, is not subject to OSHA regulations for Faurecia's employees. They contend that

"Burg's citation to the multiemployer doctrine fails legal scrutiny and is not a proper subject of opinion testimony." (Filing No. 173 at 2).

Again, Burg does not provide any analysis on how he reached his conclusions. In addition, Burg's opinion that Ferrellgas is a "creating employer," and therefore the "multi-employer" doctrine is an improper opinion, because experts are not allowed to opine on legal conclusions. *See Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) ("Expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."). The usefulness of this opinion testimony is outweighed by the dangers of unfair prejudice, confusion of issues, or misleading the jury. The law is well settled that legal conclusions are not helpful to the trier of fact; therefore, the Court will also exclude Burg's expert testimony relating to Ferrellgas violations of OSHA standards and the multi-employer doctrine.

### IV.    CONCLUSION

Burg fails to provide any explanation of the methodology he used in forming his opinions and opines as to legal conclusions, rather than by expert opinion. Skaggs has not shown that it is more likely than not that Burg's opinion is the product of reliable principles and methods; nor has she shown that Burg's opinion reflects a reliable application of the principles and methods to the facts of this case. For the reasons explained above, the Court finds that Ferrellgas' Motion to Exclude Frank Burg's Expert Opinion Testimony as described in Filing No. 173, is **GRANTED**.

**SO ORDERED.**

Date:   12/18/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John P. Daly, Jr.
GOLITKO & DALY, PC
john@golitkodaly.com

Emily O'Brien Sery
CRUSER, MITCHELL, NOVITZ, GATSON, & ZIMET, LLP
esery@cmlawfirm.com

John T. Brooks
BAKER, STERCHI, COWDEN, & RICE
jbrooks@bscr-law.com

Keith A. Gaston
CRUSER MITCHELL NOVITZ SANCHEZ & ZIMET, LLP
kgaston@cmlawfirm.com

Michael C. McMullen
BAKER STERCHI COWDEN & RICE, LLC
mmcmullen@bakersterchi.com

Paul S. Penticuff
BAKER STERCHI COWDEN & RICE, L.L.C.
penticuff@bscr-law.com

Rachel O. Webster
CRUSER, MITCHELL, NOVITZ, GATSON, & ZIMET, LLP
rwebster@cmlawfirm.com

James R Lynch
LYNCH DASKAL EMERY LLP
lynch@lde.law

Tasha Rebecca Roberts
ROBERTS LITAGATION GROUP
troberts@robertslitigation.com